**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself and all other*
*Similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA PENN, on behalf of herself and all other similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| CAINE & WEINER COMPANY, INC., | |
| Defendant. | |

Plaintiff PATRICIA PENN, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant Caine & Weiner Company, Inc., its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. Plaintiff is a natural person and resident of the State of New Jersey.

7. CAINE & WEINER COMPANY, INC. ("CAINE & WEINER") is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Based upon information and belief CAINE & WEINER operates a nationwide defaulted debt collection business, and

attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant CAINE & WEINER was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

9. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendant concerning a debt originally owed to Progressive Insurance which contained at least on one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

- The Class period begins one year prior to the filing of this Action.

10. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or

3

notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692e(5), 1692e(8), 1692f and 1692(f)(1);

    b. Whether Defendant included certain improper language regarding credit reporting;

    c. Whether the Defendant demanded an amount owed that was greater than the actual balance due;

    d. Whether the Defendant was allowed to seek and collect interest, fees or other charges;

    e. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    f. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and

>      appropriate statutory formula to be applied in determining such damages and restitution; and
>
>   g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

> monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

11. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

12. Under the FDCPA, whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

13. Since on or about 2002, Plaintiff was a policy holder with Progressive Casualty Insurance Company ("Progressive") regarding a personal automobile insurance policy and incurred month payment obligations regarding the policy.

14. In early August 2016, Plaintiff cancelled her Progressive policy on or about August 8, 2016 and was issued a refund in the amount of $1197.49 for the unused portion of the policy

15. The Progressive insurance policy obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Progressive obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Progressive is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to October 24, 2016, Progressive referred Plaintiff's account to Defendant for collection.

19. On or about October 24, 2016, Defendant sent Plaintiff a collection letter indicating a balance due of $2363.44 ("The Collection Letter").   See, attached Exhibit A.

20. The Collection Letter fails to identify by name or label any entity as "creditor", original creditor, "current creditor", "account owner" or similar.

21. Instead the letter simply states "Re:  Progressive", but failures to state in a clear fashion what the "Re" means.

22. The letter similarly fails to indicate who listed the account with Defendant, who Defendant represents or who is Defendant's client.

23. The Collection Letter also states:

"The delay before this account goes to your credit report is running out!"

24. The use of the term "delay" in the context of "running out" is unclear as what this is referring to.

25. The Collection Letter additionally states:

"We will submit this account to a credit reporting agency as a negative collection item if you fail to resolve the account within 30 days of the date of this letter."

26. However, based upon information and belief, Defendant did not intent to report this account to a credit reporting agency if the account was not resolved within 30 days of the letter.

27. Furthermore, the Collection letter fails to inform Plaintiff that should she dispute the debt, that the item would be marked as disputed on Defendant's credit report.

28.     The Collection Letter further states:

"As required by law you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation."

29.     Based upon information and belief, there is no law which requires Defendant to notify Plaintiff that a "negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation."

30.     Additionally, Plaintiff did not owe the $2363.44 since she cancelled the Progressive policy, or if she did owe any money, it was an unreasonable collection fee, cost, interest or other unauthorized charge.

31.     The October 24, 2016 collection letter was sent to Plaintiff in connection with the collection of the Progressive obligation.

32.     The October 24, 2016 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

33.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

34.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

35.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

36.     Defendant violated Plaintiff's right to a truthful and fair debt collection process.

37.     Under the FDCPA, Plaintiff had the right to receive certain information

from Defendant.

38. Plaintiff had the right to receive from Defendant accurate information as to amount of the debt.

39. Defendant's letter which unlawfully sought sums it was not entitled to caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information as to the actual amount of the alleged debt that she owed as required by 15 U.S.C. §1692e(2)(A).

40. Defendant's communication was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

41. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of her right to enjoy these benefits.

42. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of defendant's failure to provide Plaintiff information required under the FDCPA.

43. Plaintiff's receipt of a collection letter which wrongly assessed interest is a concrete injury.

44. The failure of Defendant to provide this information impeded Plaintiff's ability to make a well-reasoned decision.

45. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

46. Defendant's providing of incorrect and inflated debt information may have a negative impact on Plaintiff's credit score, can impact her ability to get credit, and can subject her to higher borrowing cost in the future.

47. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose her response.

48. Within the last year, Defendant sent collection letters to numerous New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

49. Within the last year, Defendant sent collection letters to numerous New Jersey consumers that included language that was inaccurate regarding credit reporting.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

50. Plaintiff repeats the allegations contained in paragraphs 1 through 49 as if the same were set forth at length.

51. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with his collection attempts against Plaintiff and others similarly situated.

52. By sending collection letters, the same as or substantially similar to the October 24, 2016 letter, which identified an amount owed that was greater than the actual

balance due and contained inaccurate statements regarding credit reporting, Defendant violated several provisions of the FDCPA, including, but not limited to:

 A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

 B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

 C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

 D. 15 U.S.C. §1692e(5), by threatening to take to take an action that cannot legally be taken or that is not intended to be taken.

 E. 15 U.S.C. §1692e(8), communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is dsputed.

 F. 15 U.S.C. § 1692e(10) of the FDCPA by of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

 G. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; or,

 H. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
         October 24, 2017

                                        Respectfully submitted,

                                        By: s/ Lawrence C. Hersh
                                             Lawrence C. Hersh, Esq.
                                             17 Sylvan Street, Suite 102B
                                             Rutherford, NJ  07070
                                             (201) 507-6300
                                             *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 24, 2017                              By: s/ Lawrence C. Hersh
                                                                         Lawrence C. Hersh, Esq.

EXHIBIT A

# Caine & Weiner
*Est. 1930*

P.O. Box 5010
Woodland Hills, CA 91365-5010

Phone: 818-226-6000
Fax: 818-226-6010

October 24, 2016

**C&W Account #:** ▇0510
**Amount Due:** $2363.44

Re:  PROGRESSIVE
     ▇5642
     Drive New Jersey Insurance Com
     Personal Auto-2012HONDA-2014NI

Our records indicate this account is not yet resolved. The delay before this account goes to your credit report is running out!

We will submit this account to a credit reporting agency as s negative collection item if you fail to resolve the account within 30 days of the date of this letter. Take care of this today online at www.expresspay-cw.com or call us to make payment arrangements.

As required by law you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

To speak with us directly, contact us at (818)251-1788.

Sincerely,
CAINE & WEINER

*Patricia Malki*

(818)251-1788

 **How To Reach Us**

| Contact or Pay Using your Smartphone: | Pay Online At: | Phone and Fax Numbers: |
|---|---|---|
|  | www.expresspay-cw.com<br><br>**Automated Phone Pay Number:**<br><br>1-844-497-5053 | Regular Office Hours:<br>Monday through Friday<br>8:00 AM – 5:00 PM<br><br>Phone: (818)251-1788<br>Fax: (866) 501-1906 |

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

ICU044192RD410-255316919

***Detach Lower Portion and Return with Payment***

---

P.O. Box 5010
Woodland Hills, CA 91365-5010
CHANGE SERVICE REQUESTED

 For your convenience, we accept payment via the Internet and VISA, MasterCard, American Express & Discover. ▶
Please see reverse side for payment options.

October 24, 2016

═══ REMIT TO: ═══

**Caine & Weiner**
P.O. Box 5010
Woodland Hills, CA 91365-5010

PERSONAL & CONFIDENTIAL
PATRICIA PENN

| C&W ACCOUNT # | Amount Due: |
|---|---|
| ▇0510 | $2363.44 |
| AMT PAID | |


ACA INTERNATIONAL
The Association of Credit and Collection Professionals
Member